In the Matter of BULK DISTRIBUTION OF AND REMOTE ACCESS TO COURT RECORDS IN ELECTRONIC FORM.

No. 94S00–1109–MS–552.

Supreme Court of Indiana.

Sept. 13, 2011.

## ORDER CONCERNING THE BULK DISTRIBUTION OF AND REMOTE ACCESS TO COURT RECORDS IN THE ELECTRONIC FORM

Information on individual cases ·in the state case management system, Odyssey, is available at no cost to the public over the Internet. Commercial users have expressed an interest in purchasing bulk distribution of Odyssey records. This order sets forth the procedures to be used to obtain bulk distribution of and also remote access to the records of those courts using the Odyssey case management system.

Odyssey is a leading national case management system. The Indiana Supreme Court obtained rights to install Odyssey in all Indiana courts following its selection for that purpose in a competitive procurement involving trial court judges, clerks, and IT professionals from throughout the state. As of the date of this order, 104 courts in 35 counties comprising more than 34% of the state's caseload are using Odyssey, and additional courts are being added each month. Data within Odyssey is stored in a central repository maintained by the Indiana Office of Technology and is accessible to authorized users over the Internet.

*Bulk Distribution*

Administrative Rule 9 sets forth general rules governing access to court records. To the extent not defined or otherwise described in this order, terms shall have the meaning set forth in Admin.R. 9. Administrative Rule 9(F) authorizes courts, in their discretion, to provide bulk distribution of information in court records in electronic form that is accessible to the public. Administrative Rule 9(F)(2) places this authority in this Court with respect to records from multiple courts such as those maintained in the Odyssey data repository. Pursuant to Admin.R. 9, this Court authorizes bulk distribution of Odyssey records that are not excluded from public access by Admin.R. 9(G) or (H).

Requests for bulk distribution of Odyssey information that is not excluded by Admin.R. 9(G) or (H) shall be made in writing to the Executive Director of the Division of State Court Administration. The Executive Director is authorized to act upon such requests without further direction from this Court and is directed to do so within a reasonable period of time. When a party requests bulk distribution of Odyssey records and makes arrangements for payment in accordance with Admin. R. 9 and this Order, the Division is authorized and directed to provide bulk distribution of Odyssey records by two methods.

First, on or before October 1, 2011, the Division shall place (or "drop") Odyssey case records on a server for vendors and others with appropriate security permissions to copy once a month (or on another periodic schedule established by the Division). We refer to this method as the "file drop" method. Second, on or before January 1, 2012, the Division is authorized and directed to create a file (or "message") each time an Odyssey case is added or edited to be sent to or retrieved by vendors and others with appropriate security permissions so that the systems of such vendors and others are updated within a few seconds or minutes. We refer to this method as the "messaging" method.

The party requesting bulk distribution must execute an agreement governing the bulk data with the Division, on a form provided by the Division.

Administrative Rule 9(F)(3) authorizes courts to charge an amount for bulk distribution that does not exceed the fair market value of the information. Being duly advised of the fair market value of such information in the current marketplace, the Court authorizes the Division to charge the following prices for bulk distribution of and remote access to the records of those courts using the Odyssey case management system:

A. *File drop method.*

(1) One cent ($0.01) for each closed case.

(2) Ten cents ($0.10) for an open case or a new case added since the last file drop.

(3) No charge for any updates to a case already provided.

B. *Messaging method.*

(1) One cent ($0.01) for each closed case.

(2) Fifteen cents ($0.15) for an open case or a new case added since the last message.

(3) No charge for any updates to a case already provided.

The Division is authorized to exempt bona fide governmental and educational entities from a portion or all of such charges on the condition that they do not sell the data or make any other commercial use of it. The Division is authorized to change the charges set forth in this order without further approval from this Court, subject to the following conditions: *first,* such charges shall in no event exceed the fair market value of the information provided; and, *second,* no such change shall take effect until after the new charges have been posted on the Division's website in a conspicuous fashion for 30 days.

*Remote Access*

Administrative Rule 9(E) authorizes a County Board of Commissioners, upon the request and at an amount approved by a majority of judges of courts of record in the county, to adopt electronic system fees to be charged in conjunction with electronic access to court records. Just as Admin.R. 9(F)(2) places the authority in this Court to approve bulk distribution of records from multiple courts, today's contemporaneous amendment of Admin.R. 9(E), confirms the Court's authority to adopt electronic system fees to be charged in conjunction with electronic access to Odyssey records. Such fees may cover costs associated with electronic filing, *see* Admin. R. 16(D); paying court costs, fines, penalties, and other charges online; enhanced access to electronic records maintained by courts and clerks; and other charges related to the use of electronic systems maintained by courts and clerks.

Under the authority provided in the preceding paragraph, the Executive Director may establish an electronic system fee without further approval from this Court, subject to the following conditions: *first,* the Executive Director shall advise the Court in writing of the nature, purpose, and amount of the fee; *second,* such fee shall in no event exceed the fair market value of the services that the fee covers; and, *third,* no such fee shall be collected until after the nature, purpose, and amount of the fee shall have been posted on the Division's website in a conspicuous fashion for 30 days.

*Compiled Information*

Because the requirements of each request for compiled information will differ, and fulfilling such requests would divert Division staff and resources from its principal mission, compiled information will not be provided at this time. Recipients of information provided via one of the approved methods of bulk distribution will have the ability to compile information

themselves from the bulk data. *See* Admin. R. 9(F), Commentary.

The Clerk of this Court is directed to forward a copy of this Order to the clerk of each circuit court in the state of Indiana; Attorney General of Indiana; Administrator, Indiana Supreme Court; Administrator, Indiana Court of Appeals; Administrator, Indiana Tax Court; Public Defender of Indiana; Prosecuting Attorney's Council; Public Defender's Council; Indiana Supreme Court Disciplinary Commission; Indiana Supreme Court Commission for Continuing Legal Education; Indiana Board of Law Examiners; Indiana Judicial Center; Division of State Court Administration; Indiana Judges and Lawyers Assistance Program; the libraries of all law schools in this state; the Michie Company; and Thomson Reuters. The Clerk is also Directed to post this Order to the Court's website.

Thomson Reuters is directed to publish this Order in the advance sheets of this Court.

The Clerks of the Circuit Courts are directed to bring this Order to the attention of all judges within their respective counties and to post this Order for examination by the Bar and general public.

All Justices concur.